**LITTLER MENDELSON, P.C.**
Keith J. Rosenblatt (016631997)
krosenblatt@littler.com
Marlie P. Blaise (378212021)
mblaise@littler.com
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant
*Amazon.com Services LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOLDEN VASQUEZ,<br><br>               Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.,<br><br>               Defendant. | Civil Action No.   2:23-cv-1942<br><br>**NOTICE OF REMOVAL**<br><br><u>**Electronically Filed**</u> |

**TO:   THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Amazon.com Services LLC (incorrectly named in the Complaint as Amazon.com, Inc.) ("Defendant"), hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Middlesex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

   1.   Plaintiff Golden Vasquez ("Plaintiff"), purporting a residency in West Hemstead, New York, commenced this action against Defendant on March 6, 2023, by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, captioned *GOLDEN*

*VASQUEZ v. AMAZON.COM, INC.*, and bearing Docket No. MID-L-001297-23 ("the State Court Action"). The State Court Action is now pending in that court.

2.     Defendant was served with the Summons and Complaint on March 8, 2023. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.     Collectively attached hereto as **Exhibit A** is a copy of all process, pleadings, and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.     The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5.     Specifically, Plaintiff is an individual and resident and, upon information and belief, a citizen of New York, as she states she resides in West Hemstead, New York and that she is a "domiciliary, citizen, and resident of New York State." (*See* Ex. A, Complaint, Caption and ¶ 4). *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citizenship is determined by domicile); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile.").

6.     Defendant, not Amazon.com, Inc., employed Plaintiff in this employment action and is a limited liability company. A limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its members, *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010), while the citizenship of a corporation is both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Defendant is a limited liability company formed under the laws of the State of Delaware. Its sole member is Amazon.com Sales,

Inc., a Delaware corporation with its principal place of business in Seattle, Washington. Therefore, Defendant is a citizen of Delaware and Washington.

7.      Complete diversity exists because Plaintiff is a citizen of New York and Defendant is a citizen of Delaware and Washington.

8.      The improperly named defendant, Amazon.com, Inc., is also a Delaware corporation with its principal place of business in Seattle, Washington.  Therefore, it too is a citizen of Delaware and Washington, and has complete diversity with Plaintiff.   Accordingly, even if Amazon.com, Inc. was the properly named defendant, diversity jurisdiction exists.  If it was properly named as a defendant, it would join in this removal.

9.      The amount in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

        a.      In the Complaint, Plaintiff asserts claims for retaliation in violation of the New Jersey Law Against Discrimination ("NJLAD") and the Conscientious Employee Protection Act ("CEPA").  (*See* Ex. A, Complaint, ¶¶ 26-31).  The damages Plaintiff seeks include back pay, front pay, benefits, emotional distress/pain and suffering, punitive damages, and attorneys' fees. (*See* Ex. A, Complaint, Wherefore Clause, ¶¶ A-D).

        b.      Plaintiff's Complaint does not specify the amount she seeks to recover from Defendant.  Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). According to a reasonable reading of the Complaint and the damages claimed therein, the amount in controversy is in excess of $75,000.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not

set a limit for damages, the Court should make a reasonable reading of the value of plaintiff's claim and come to an "independent appraisal" of the amount plaintiff has claimed).

  c. First, Plaintiff claims economic damages in the form of back and front pay. Plaintiff alleges she worked full time during her employment. (Ex. A, Complaint, ¶ 11). Plaintiff's regular rate of pay was $17.50 per hour when she alleges her employment ended. Thus, Plaintiff earned approximately $700 per week ($17.50 x 40 hours), not including benefits. Accordingly, Plaintiff's lost wages in the approximately fifteen months since her employment purportedly ended on December 6, 2022, (Ex. A, Complaint, ¶ 23), are around $47,600 ($700 per week x 68 weeks). Assuming Plaintiff seeks lost wages through a trial date that is likely to be set at least two years in the future, for an additional amount of approximately $72,800 ($700 x 104 weeks), a reasonable estimate of Plaintiff's total alleged lost wages alone, should she prevail, exceeds the sum or value $75,000.00.[1]

  d. Further, Plaintiff claims damages for emotional pain and suffering. Damages for alleged emotional harm are recoverable under the NJLAD and CEPA and add significantly to the amount in controversy. *Angus*, 989 F.2d at 145-46 (recognizing that claims for damages for emotional distress should be included in determining whether the jurisdictional amount is met). *See, e.g., Klawitter v. City of Trenton*, 395 N.J. Super. 302, 307, 323-25, 336 (App. Div. 2007) (in reverse race discrimination case, court upheld emotional distress damages award of $79,000).

  e. In addition, Plaintiff seeks punitive damages, which further satisfy the amount in controversy. "The Court must also consider the plaintiffs' demand for punitive

---

[1] Federal Judicial Caseload Statistics from March 2022 reflect that the median time interval from filing to disposition through trial for civil cases in the District of New Jersey is almost three years. Available at: https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables.

damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *15-16 (D.N.J. Aug. 7, 2009) (citation omitted). *See also Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

       f.      Finally, Plaintiff seeks attorneys' fees, which are recoverable to the prevailing party under the NJLAD and CEPA. *See* N.J.S.A. § 10:5-27.1; N.J.S.A 34:19-5. Thus, such fees should be calculated as part of the amount in controversy requirement. Attorneys' fees are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski,* at *16 (citation omitted).

       g.      Accordingly, aggregating these amounts, the amount in controversy exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a).

       10.    This Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

       11.    Upon filing of this Notice of Removal, Defendant gave written notice thereof to Christine E. Burke, Esq. and Ari R. Karpf, Esq., Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, attorneys for Plaintiff, and filed copies of the Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Middlesex County, pursuant to 28 U.S.C. §1446(d).

       12.    By filing the Notice of Removal, Defendant does not concede Plaintiff is entitled to any damages or waive any defenses available to it at law, in equity, or otherwise.

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant
*Amazon.com Services LLC*

By:       */s/ Keith J. Rosenblatt*
           Keith J. Rosenblatt
           Marlie P. Blaise

Dated: April 5, 2023

# EXHIBIT A

## SUMMONS

Attorney(s) Karpf, Karpf & Cerutti, P.C.

Office Address 3331 Street Road

Town, State, Zip Code Two Greenwood Square, Suite 128

Bensalem, PA 19020

Telephone Number (215) 639-0801

Attorney(s) for Plaintiff Christine E. Burke, Esq.

Golden Vasquez

Plaintiff(s)

Vs.

Amazon.com, Inc.

Defendant(s)

## Superior Court of New Jersey

Middlesex COUNTY

Civil DIVISION

Docket No: MID-L-001297-23

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED: 3/7/2023

Name of Defendant to Be Served: Amazon.com, Inc.

Address of Defendant to Be Served: 410 Terry Avenue North, Seattle, WA 98109

# Directory of Superior Court Deputy Clerk's Offices
# County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:    MARCH 06, 2023
                          RE:      VASQUEZ GOLDEN  VS AMAZON.COM, INC.
                          DOCKET:  MID L -001297 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LAURENCE J. BRAVMAN

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     004
AT:  (732) 645-4300 EXT 88905.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                               ATT: CHRISTINE E. BURKE
                               KARPF, KARPF & CERUTTI, PC
                               3331 STREET RD
                               TWO GREENWOOD SQUARE   STE 128
                               BENSALEM        PA 19020


ECOURTS

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-001297-23**

**Case Caption:** VASQUEZ GOLDEN  VS AMAZON.COM,
INC.

**Case Initiation Date:** 03/06/2023

**Attorney Name:** CHRISTINE ELAINE BURKE

**Firm Name:** KARPF, KARPF & CERUTTI, PC

**Address:** 3331 STREET RD TWO GREENWOOD SQUARE
STE 128
BENSALEM PA 19020

**Phone:** 2156390801

**Name of Party:** PLAINTIFF : VASQUEZ, GOLDEN

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: GOLDEN VASQUEZ? NO**

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/06/2023
Dated

/s/ CHRISTINE ELAINE BURKE
Signed

**KARPF, KARPF & CERUTTI, P.C.**
By: Christine E. Burke, Esq. (ID: 001152010)
Ari R. Karpf, Esq. (ID: 021842003)
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| GOLDEN VASQUEZ<br>486 Rhodes Lane<br>West Hemstead, NY 11552 :<br><br>Plaintiff :<br><br>v. :<br><br>AMAZON.COM, INC. :<br>410 Terry Avenue North :<br>Seattle, Washington 98109 :<br><br>Defendant. : | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO.: MID-L-001297-23<br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Golden Vasquez, (*hereinafter* referred to as "Plaintiff" unless otherwise indicated) hereby complains as follows against the above-captioned Defendant for violations of the New Jersey Law against Discrimination - N.J.S.A. §§ 10:5-1 *et. seq.* and the New Jersey Conscientious Employee Protection Act ("CEPA" – N.J.S.A. 34:19-1 *et. seq.*). Plaintiff asserts herein she was unlawfully terminated from Defendant retaliatorily and suffered damages as sought herein.

## I. VENUE

2.     Venue is properly laid in the County of Middlesex pursuant to Rule 4:3.1 of the New Jersey Rules of Civil Procedure because the transactions and occurrences from which the

1

instant action arises occurred in that County.

## II. PARTIES

3.     The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

4.     Plaintiff is an adult individual residing at the above-captioned address. Plaintiff is a domiciliary, citizen, and resident of New York State.

5.     Amazon.Com, Inc. (hereinafter, "Defendant") is incorporated in the State of Delaware, and its principal place of business (and headquarters) is in Seattle, Washington at the above-captioned address. The Parties to this lawsuit are citizens and residents of different states, although all actions underlying this lawsuit occurred in Edison, New Jersey.

6.     Defendant is an international online platform (and international conglomerate) for sales of products utilizing delivery services, warehouses, and distribution centers throughout the developed world and United States (inclusive of many within New Jersey).

7.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## III. FACTUAL BACKGROUND

8.     The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

9.     Plaintiff was hired by Defendant to work within Defendant's location at 1145 King Georges Post Road, Edison, NJ 08837 (the "Edison location").

10.    The Edison location was 1 of 5 locations opened in the same timeframe by

Defendant in the first half of 2021, including a location in Bordentown, Cranbury, Delran, and Lawrence Township (New Jersey). All 5 of these locations, including the Edison location, were opened and operating as "Amazon delivery stations."

11.     Plaintiff worked on a full-time basis for Defendant and held the position of Assistant Manager (as of termination). She had been promoted to this role in or about the summer of 2021 after having performed exceptionally in a non-management (labor) capacity previously.

12.     Plaintiff was hired by Defendant effective on or about October 20, 2021; and in total, Plaintiff was employed with Defendant for slightly in excess of one (1) year.

13.     Most people who work for Defendant in a warehouse and labor capacity (by way of demographic) are in their 20s – 30s.

14.     Plaintiff is a 52-year-old female who is very ethical, hardworking, and caring as to those around her.

15.     Other supervisors and management around the vicinity of Plaintiff were Collins Nymaba ("Collins"), Sean Riley ("Sean"), and Jody Rogers ("Jody"). Each of the names of these 3 individuals' names *are spelled phonetically* and may not be accurately spelled herein (but will be refined during litigation discovery). Each of these 3 supervisory-level employees are in their early 20s – early 30s (as to age).

16.     On or about December 1, 2022, Plaintiff witnessed an employee named Einniya Edgmorfe (hereinafter, "EE") being *severely* discriminated against and discriminatorily harassed. Like other names identified in this Complaint, EE's name is spelled phonetically (to be refined during litigation discovery).

17.     EE was an older employee (upon information and belief in his late 50s) who worked

3

in a non-supervisory labor capacity.

18.    Jody and Collin (supervisors) had been sending EE to about 7 different stations laughing and joking hysterically. This occurred over an unusually short (approximate) 2-hour period on or about December 1, 2022. Employees were typically assigned to a single area throughout the day. But they were making fun of EE being "old" and "mentally challenged," even calling him a "retard." EE was not even trained on jobs he was being assigned, but they were bouncing him around watching him struggle for their own amusement while continually laughing and making discriminatory comments about his age and mental health.

19.    Plaintiff had become sick to her stomach, disgusted, and very upset about what she was seeing and hearing. As a result, Plaintiff escalated numerous complaints of "discrimination."

20.    Plaintiff complained to Sean, Collins, Jody, and Jessica (an HR employee) that what happened to EE was "illegal," "discriminatory," and she witnessed "age and disability discrimination" and "elder abuse." While comments were not made about EE being African (or his limited English), Plaintiff also questioned whether it was racial discrimination and that racial discrimination concerns as well should be investigated. Plaintiff demanded action be taken.

21.    Plaintiff continued to work from December 1, 2022 through December 5, 2022 while raising concerns and asking what was being done about the discrimination she witnessed. She wanted some serious response from human resources and upper management and updates on an investigation.

22.    As a result of Plaintiff's persistence that Collins and Jody be investigated and potentially terminated, Sean (very friendly with them) threatened Plaintiff telling her very angrily she was going to face "repercussions" for her continued noise about the issue with EE.

4

23.     On or about December 6, 2022, Plaintiff had a day off from work. Plaintiff was contacted by Sean on or about this day off from work. And Plaintiff was told by Sean she was terminated.[1]

24.     Plaintiff was: (a) recently promoted (months earlier); (b) not the recipient of any progressive warnings or discipline; (c) terminated by a supervisor (Sean) who she complained of discrimination to regarding EE; (d) terminated by a supervisor (Sean) who threatened her *for making* discrimination complaints; and (e) terminated within <u>less than 1 week</u> of making discrimination complaints after a near stellar 13-month tenure within Defendant.

25.     Plaintiff was irrefutably terminated in retaliation for complaining of discrimination and illegality within Defendant's workplace (and for being a witness and advocate in a discrimination investigation). Plaintiff's termination is **so outrageous** and shocks the conscious of a reasonable person that punitive damages are warranted in this case.

### Count I
### <u>Violations of the New Jersey Law against Discrimination</u>
### (Retaliation)

26.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.     Plaintiff complained of disability, age, and racial discrimination. Plaintiff was terminated within less than 1 week of engaging in such protected activities (in addition to being an advocate and witness in a discrimination investigation).

28.     Plaintiff's termination for engaging in such protected activities constitutes unlawful retaliation in violation of the NJ LAD.

---

[1] Plaintiff believes that the dates specified in this Complaint are accurate. However, she is basing such dates on her recollection and will confirm same with records during the course of litigation discovery.

5

**Count II**
**Violations of the Conscientious Employee Protection Act ("CEPA")**
**(Retaliation)**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     Plaintiff specifically complained to Defendant's management and human resources that actions being taken by Defendant's management were "illegal," "discriminatory," "elder abuse," and abuse of a mentally challenged employee.

31.     Plaintiff reasonably believed Defendant's actions were unlawful. And Plaintiff's termination for complaining about illegality constitutes a violation of the CEPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded liquidated, penalty and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

6

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a trial by jury.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By:     _____
        Christine E. Burke, Esq. (ID: 001152010)
        Ari R. Karpf, Esq. (ID: 021842003)
        3331 Street Road
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: March 5, 2023

7

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

KARPF, KARPF, & CERUTTI, P.C.

By: _____

Christine E. Burke, Esq. (ID: 001152010)
Ari R. Karpf, Esq. (ID: 021842003)

## RULE 4:5-1 CERTIFICATION

1.     I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2.     I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

KARPF, KARPF, & CERUTTI, P.C.

By: _____

Christine E. Burke, Esq. (ID: 001152010)
Ari R. Karpf, Esq. (ID: 021842003)

## DESIGNATION OF TRIAL COUNSEL

Christine E. Burke, Esquire and Ari R. Karpf, Esquire, of the law firm of Karpf, Karpf, & Cerutti, P.C. are hereby designated trial counsel.

KARPF, KARPF, & CERUTTI, P.C.

By: _____

Christine E. Burke, Esq. (ID: 001152010)
Ari R. Karpf, Esq. (ID: 021842003)

8